CITY OF KALAMAZOO *v.* CRAWFORD.

1. COURTS—RULES OF DECISION—STARE DECISIS—DECISION BASED UPON DIVERSE VIEWS.
   A judgment of this court, based on diverse views of the law held by the justices, who do not concur in the reasons and principles upon which it should be founded, is not binding as a precedent.

2. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — SPECIAL ASSESSMENTS—POWER TO LEVY—STREET SPRINKLING.
   The sprinkling of streets is of no substantial or permanent benefit to abutting property, and a law authorizing the assessment of the cost thereof against abutting property in proportion to benefits is unconstitutional. MONTGOMERY, BLAIR, and MOORE, JJ., dissenting.

Certiorari to Kalamazoo; Adams, J. Submitted June 2, 1908. (Calendar No. 22,887.) Decided September 10, 1908.

Mandamus by the city of Kalamazoo to compel Walter Crawford, city assessor, to prepare an assessment roll and levy a special assessment for benefits to be derived from street sprinkling. There was an order granting the writ, and respondent brings certiorari. Reversed.

*W. L. Fitzgerald*, for relator.

*H. C. Jackson*, for respondent.

HOOKER, J. The charter of the city of Kalamazoo provides that the common council shall have the power to cause the public streets to be sprinkled where deemed necessary, and that the cost thereof may be paid by the city, or the same or any part thereof, as the council may by resolution or ordinance determine, be assessed on the property adjacent thereto and benefited thereby. The council having ordered an estimate of the cost of sprink-

ling a portion of Portage street, which estimate, afterwards made and filed, amounted to $958.54, the council by resolution directed the sprinkling of such portion of the street; that 10 per cent. of said sum be paid by the city from its general fund, and 90 per cent. be raised by special assessment upon the property abutting and fronting upon said street and benefited thereby, and that the assessor prepare an assessment roll and levy an assessment against the property so fronting and abutting, according to the benefits to be derived from such sprinkling. The assessor refused to do this, and upon application the circuit court issued a mandamus commanding compliance by the assessor with the direction of the council.

The learned circuit judge was of the opinion that the cause was distinguishable from that of *Stevens* v. *City of Port Huron*, 149 Mich. 536, in that, while the assessment in that case was based upon the frontage of the parcels assessed, it is required to be based in the present case upon benefits to the respective parcels in proportion to value, as they shall be determined by the assessor, and that, as the plurality opinion in the case cited was signed by but four judges (Mr. Justice Carpenter having concurred upon the ground that the legislature had not conferred upon the council of Port Huron the authority to assess in proportion to foot frontage), it was not an authoritative adjudication of the point upon which the plurality opinion made the case turn, and, considering the question an open one, granted the writ. It is before us by certiorari.

The learned circuit judge was right in his conclusion that the determination in the case of *Stevens* v. *City of Port Huron* was not, beyond that case, decisive of any question there raised. It was therefore incumbent upon him to pass upon the questions raised as open ones. It has been held by many courts that a decision by a divided court does not settle the law for other cases. That was the opinion of Marshall, C. J., in *Etting* v. *Bank of U. S.*, 11 Wheat. (U. S.) 78 (1826), and is held in the follow-

ing cases: *Bridge* v. *Johnson*, 5 Wend. (N. Y.) 342 (1830); *People* v. *Mayor, etc., of New York*, 25 Wend. (N. Y.) 252 (1840); *Morse* v. *Goold*, 11 N. Y. 281 (1854); *Hopkins* v. *McCann*, 19 Ill. 115 (1857); *Town of Durham* v. *Railroad Co.*, 113 N. C. 240 (1893); *In re Griel's Estate*, 171 Pa. 412 (1895); *Hanifen* v. *Armitage*, 117 Fed. 845 (1902).

In *City of Dubuque* v. *Railroad*, 39 Iowa, 56 (1874), it was said that, "A judgment of this court, based on diverse views of the law held by the judges, who do not concur in the reasons and principles upon which it should be founded, is not binding as a precedent," a proposition so obvious that there is little excuse for questioning it. See, also, 7 Enc. Pl. & Pr. p. 44 et seq.; 26 Am. & Eng. Enc. Law (2d Ed.), pp. 165, 167; 24 Am. & Eng. Enc. Law (2d Ed.), p. 715, and note. Some recent cases may be found in 11 Cyc. p. 746. The rule was recognized in *People* v. *Regents of the University*, 18 Mich. 482, and *Lyon* v. *Ingham Circuit Judge*, 37 Mich. 378. The reasons given in the plurality opinion in the case of *Stevens* v. *City of Port Huron* necessarily cover this cause.

As we see no occasion for changing our views there expressed, we are of the opinion that the order of the circuit court should be reversed, and the writ of mandamus denied, with costs of both courts to the respondent.

GRANT, C. J., and McALVAY, J., concurred with HOOKER, J.

CARPENTER, J. Section 42, chap. 16, of the charter of the city of Kalamazoo, reads:

" The city council shall have power to cause the public streets, highways, avenues and alleys in said city to be sprinkled whenever deemed necessary. The cost and expense thereof may be paid by the city, or the same or any part thereof, as the council may by resolution or ordinance determine, be assessed on the property adjacent thereto and benefited thereby. All assessments provided for in this section may be levied and collected as by this act pro-

vided for levying and collecting special assessments."
Act No. 648, Local Acts 1907.

Section 9 of chapter 23—the chapter relating to special
assessments—reads:

"If the assessment is directed to be according to bene-
fits, the city assessor shall assess upon each lot such rela-
tive portion of the whole sum to be levied as shall be pro-
portionate to the estimated benefit resulting to such lot
from the improvement." Act No. 475, Local Acts 1897.

Other provisions of this chapter make clear what is
above indicated, that the assessment in such cases is made
against the lot and the owner of the lot benefited by the
proposed improvement.    Early in 1908 the common coun-
cil of said city decided to sprinkle that part of Portage
street situated between the south line of Main street and
the north line of Bryant street, for the period from May
1 to November 1, 1908.    They ascertained that the esti-
mated cost of this sprinkling was $958.54.    They deter-
mined that 10 per cent. of this amount should be paid by
the city out of the general fund, and that the balance of
said amount, 90 per cent. of the estimated cost, "be raised
by special assessment upon the property abutting and
fronting on said street between the points named and
benefited thereby," and directed the city assessor to levy
an assessment upon said property "according to the benefits
to be derived by said sprinkling."    Respondent, said city
assessor, declined to make said levy, upon the ground that
the law authorizing the same is unconstitutional.    This
mandamus proceeding was instituted to compel him to
make said levy.    It was heard in the circuit court, and
the prayer of relator granted.    Respondent appeals to this
court.

Is the law in question constitutional?    A similar ques-
tion was raised in *Stevens* v. *City of Port Huron,* 149
Mich. 536.    There under a law granting authority to
levy and collect special assessments to defray the expense
of sprinkling streets, the city of Port Huron proceeded to
make such an assessment upon the adjacent property,

"in proportion to the number of feet fronting, abutting or touching on such street." The case was decided by a divided court. Three of the justices were of the opinion that the law was constitutional, and that it gave authority to pursue the method there adopted. Four of the justices were of the opinion that the law was unconstitutional; and that for that reason the assessment was invalid. One of the justices, the writer of this opinion, concurred in holding that assessment invalid, not upon the ground that the law was unconstitutional, but upon the ground that it did not authorize an assessment in proportion to frontage. Holding this view, a consideration of the constitutional question was unnecessary, and upon that subject there was no occasion to express my views. If there is found in that opinion any expression which indicates these views—and I doubt if there is—counsel for respondent is quite right in saying that that expression is a mere dictum. Under these circumstances, we all agree that *Stevens* v. *City of Port Huron* is not controlling. It is not an authoritative determination that a law authorizing the city to assess the expense of sprinkling a street upon the adjacent property in proportion to benefits is constitutional or unconstitutional.

I think that substantially all the authorities agree as to the principle by which the constitutionality of such a law will be determined. Says Justice COOLEY in his work on Taxation (3d Ed.), p. 1154:

"The justice of demanding the special contribution is supposed to be evident in the fact that the persons who are to make it, while they are made to bear the cost of a public work, are at the same time made to suffer no pecuniary loss thereby; their property being increased in value by the expenditure to an amount at least equal to the sum they are required to pay."

It is said in a note to that page, citing *Adler* v. *Whitbeck*, 44 Ohio St. 539:

"The whole theory of a special assessment is based on the doctrine that the property against which it is levied derives some special benefit from the improvement."

If, therefore, it can be said as a matter of law that the land will not be specially benefited by the improvement in question—that is, that its value will not be enhanced—there can be no special assessment, and the law authorizing a special assessment for such an improvement is unconstitutional and void. Tested by this principle, is the law in question constitutional? Opposing answers have been given to this question by different courts. The authorities are collected in the opinions of Justices HOOKER and MOORE in the *Stevens Case.* The conflict is due, not to a difference respecting the determining principle, but apparently to different answers to this question: Does the sprinkling of a street increase the value of the abutting property? The courts which sustain the constitutionality of the law answer this question, "Yes." Those which decide that the law is unconstitutional answer it, "No." The above authorities and sound reasoning justify our saying that the law in question is unconstitutional if it can be said, as a matter of law, that the sprinkling of Portage street, between May 1 and November 1, 1908, will not increase the value of the abutting property. We proceed to consider that question. It is manifest that if the owner of any such abutting property were to sell the same after November 1, 1908, or if he were to sell before, with the right of withholding possession until that date, he could obtain no increased price, because of the circumstance that the street was sprinkled from May to November. The circumstance that the street is sprinkled from May to November would, in such a case, be entirely immaterial. The utmost that can be said is that the sprinkling increases the value of the property during the street sprinkling period. During that period it contributes to the comfort, and perhaps to the health, of the occupant of the property, but it does not benefit any other person interested therein.

It is said that sprinkling the street increases the rental value of the adjacent land, and that therefore it increases the value of the land. Is this true? Sprinkling a street

increases the rental value of abutting land—if it increases it at all—during the street sprinkling period, and no longer. The circumstance that Portage street was sprinkled during the summer season of 1908 will not enhance the rental value of property abutting thereon during the season of 1909. In so far as rental values for the year 1909 will be affected by the sprinkling of Portage street, it will be the sprinkling for 1909, and not for 1908. The circumstance that the street was sprinkled in 1908 affords no justification for saying that it will be sprinkled in 1909. Whether it is sprinkled in 1909 depends upon what the municipal council may in 1909 decide to do. It may be said, then, of the claim of enhanced rental value, that it merely affords another illustration of the benefits which result from street sprinkling to the occupant of the adjacent property, and that on analysis it only serves to strengthen the statement heretofore made that all the benefits ; rom street sprinkling accrue to the advantage of such occu] ant, and none to the owner of the land. It might be very just, in such case, to tax said occupant to pay for the benefit he receives, but by the law under consideration the tax is not assessed against the occupant. It is assessed upon the land, and thus it is assessed upon the owner of the land, and upon the owner of every interest in the land. The interest of a mortgagee may in such cases be taken in payment of the tax. This law compels the land—the owner of the land—to pay for the benefits accruing to the occupier. Is such a law constitutional? Is it lawful to compel the owner of land to pay for the temporary benefits received by the occupant of the land? The owner and the occupant may be two different persons. The occupant may be a tenant. In that case he receives the entire benefit resulting from sprinkling the street. It would violate sound principles of constitutional law to hold that in such case the owner— the landlord—should pay for those benefits, or that his property might be taken to pay for them. It would be equally lawful to compel the landlord to pay for his tenant's medicines or groceries. Again, though the owner

may be occupying the land, his title may be subject to a mortgage or other valid lien. In that case the holder of the mortgage or other lien will receive no benefit from sprinkling the street, and yet his interest will be taken to pay for the benefits accruing to the mortgagor in possession. This would take the private property of one person for the benefit of another, contrary to the provision of the Constitution that "no person shall be deprived of property without due process of law."

The law under consideration gives to municipal officers no authority to exempt from special assessment property occupied by tenants, or property occupied by the owners, whose title is subject to mortgages or other liens. On the contrary, the language of the law and its entire scheme forbids such exemptions. To make that law constitutional, it must be construed to confer authority upon municipal officers to make special assessments against so much of the abutting property as may be in the possession of the one having the entire title, and at the same time to exempt therefrom other property whose occupants are equally benefited by the sprinkling of said street. The language of the statute permits no such construction. To so construe it would be to rewrite it, to make a new law—a law abounding with unfairness and unjust discrimination. This the courts cannot do. But I do not place my decision that the law is unconstitutional solely upon the ground that municipal officers are not authorized to exempt from special assessments land occupied by a tenant, or by others who have not the entire title. This might invite the legislature to pass a law containing provisions authorizing such exemption. My present convictions require me to say that such a law, too, would be unconstitutional. Nor in saying this am I violating the rule that the courts should not express an opinion upon the constitutionality of a law unless essential to its decision. If I did not say it, the argument might be advanced that the law under consideration might be given a constitutional application, in this

case, upon the presumption that all the property proposed to be assessed along Portage street is in the occupancy of persons having the entire title thereto. I proceed, therefore, to state my reasons for believing that a law assessing against the owner of the entire title, and occupying his land for benefits resulting from sprinkling the street adjacent to his property, is unconstitutional. I have shown in this opinion that the benefits resulting from street sprinkling are temporary in their nature, and accrue solely to the occupant. The owner, if not in possession, obtains no benefit. If in possession, he obtains no other or greater benefits than does a tenant in possession. In other words, if those benefits accrue to the owner, they do so, not because he is the owner, but because he happens to be the occupant. If street sprinkling is not a benefit to the land when ownership and right of occupancy are in two different persons—and I submit that this opinion shows that it is not—then it is not a benefit when ownership and occupancy are united in one person. The benefit in each case accrues to the individual occupying the land; it does not accrue to the land itself. To assess one's land for such benefit because he happens to be the owner as well as occupant, and to exempt from assessment his neighbor's, who is not the owner—and it will rarely happen that some of the land on a street sprinkled by a municipality is not occupied by a tenant— would be an unjust, and, in my judgment, unconstitutional, discrimination. By the special assessment he would be compelled to pay for the benefits he receives from the street sprinkling, and he would also be compelled, as a general taxpayer, to contribute toward the payment of the benefit his neighbor, the tenant, receives. I think this would deny him the equal protection of the laws, contrary to the Fourteenth Amendment of the United States Constitution. Moreover, I may add, at the risk of saying more than it is necessary to say, that the theory that the temporarily increased convenience and comfort of the occupant resulting from sprinkling the street is

accompanied by a corresponding increase in the rental value of the land, even in case it is occupied by the owner of the entire title—and the constitutionality of the law must rest upon that theory—is, in my judgment, unsound. Reflection leads me to deny that this increased convenience and comfort has any recognized money value. No doubt many people would regard it as a convenience cheap at any price. Others would say it was a luxury for which they cared nothing, or which they could not afford to buy. The law must say that it has no salable value, or, at least, that its salable value bears no proportion to its cost. It cannot, therefore, be said that money spent in paying for sprinkling a street can be added to the rental value of abutting land.

I conclude that the law in question is unconstitutional, and that the order made by the circuit court must be reversed.

OSTRANDER, J., concurred with CARPENTER, J.

MONTGOMERY, J. (*dissenting*). The question presented in this case is somewhat narrower than was that in *Stevens* v. *City of Port Huron*, 149 Mich. 536. In the present case there appears to be no doubt that authority was conferred, by the charter of the city, to impose the tax for sprinkling, and it appears also that the tax was imposed upon the property specially benefited in proportion to the benefits received. In my view, the authority for this is shown in the opinion of Mr. Justice MOORE in *Stevens* v. *City of Port Huron*, supra, and the cases there cited.

The order should be affirmed.

BLAIR and MOORE, JJ., concurred with MONTGOMERY, J.