W. H. ATKINSON CO. v. STATE BOARD OF TAX
ADMINISTRATION.

1. JUDGMENT—RES JUDICATA.
   The rule *res judicata* operates for all time as between the parties when the same questions are subsequently presented.
2. TAXATION—BOARD REGULATIONS—STATUTES.
   Regulations of the State board of tax administration do not have the force of statute law.
3. JUDGMENT—RES JUDICATA—SALES TAX—SUCCESSOR OFFICERS.
   A former adjudication of some seven years' standing that plaintiff was not required to pay an asserted sales tax was *res judicata* of question involved in suit by plaintiff to enjoin successors in office of defendants therein from collecting such tax for a subsequent period where identical provision of statute was involved, same question of law there presented was sought to be readjudicated by defendant successors, the circuit court had jurisdiction of the parties and the subject matter, and no review of action then taken was sought.

4. COSTS—PUBLIC QUESTION—SALES TAX—RES JUDICATA.
    No costs are allowed in suit involving the application of the
    rule *res judicata* to levy of sales taxes for subsequent periods,
    a public question being involved (Act No. 167, § 1 [b], Pub.
    Acts 1933).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 6, 1941. (Docket No. 21, Calendar No. 41,548.) Decided October 6, 1941.

Bill by W. H. Atkinson Company, Inc., against State Board of Tax Administration to enjoin collection of sales tax. Decree for plaintiff. Defendant appeals. Affirmed.

*Morris Lieberman (Arthur Neef, of counsel), for plaintiff.*

*Herbert J. Rushton, Attorney General, Edmund E. Shepherd, Solicitor General, and T. Carl Holbrook and Daniel J. O'Hara, Assistants Attorney General, for defendant.*

WIEST, J. Defendants, constituting the Michigan State board of tax administration, prosecute this appeal from a decree restraining the collection from plaintiff of an asserted sales tax. The facts are stipulated.

The circuit judge filed a comprehensive opinion as follows:

"This is an action brought to restrain the Michigan State board of tax administration from enforcing the collection of a certain tax which has been levied by it as against the plaintiff in this action.

"The general rule is that equity will not take jurisdiction to enjoin the collection of a tax but will remit the taxpayer to his remedy at law. Such remedy arises by the payment under protest of the

taxes and a suit at law to recover the amount thereof. This bill would therefore necessarily be dismissed on account of lack of jurisdiction were it not for the following which appears in the agreed statement of facts:

" 'Seven. Hearings were had by the board and it is its considered judgment that the sales made by plaintiff are taxable and that it is not bound by the decision in the prior action before Honorable Guy A. Miller. Solely because of the prior adjudication and its desire to secure the earliest possible review by the court of its ruling, defendants raise no objection to the form of this action.'

"Under ordinary circumstances the parties cannot confer jurisdiction of the subject matter upon the court of equity. However, it would seem that this rule should not be extended so as to cover cases where the matters involved in the attempted equitable action have already been conclusively adjudicated in a proceeding to which the same parties were parties. Such is the case in this proceeding.

"It appears from the stipulation of facts that in the year 1934 an action at law was brought by this plaintiff against the State of Michigan to recover a tax levied under the identical provision * which is relied upon by the defendants in this case in levying the taxes herein involved. That action came on to be tried before the undersigned. An opinion was handed down sustaining the contention of the plaintiff and a judgment was entered in this court based upon said opinion. No appeal was taken from that judgment and after its entry and on February 18, 1934, the State of Michigan paid to the plaintiff in that action and in this action the sum of $200.96 representing 'refund of general sales tax erroneously collected.'

* Act No. 167, § 1 (b), Pub. Acts 1933, later amended in other respects by Act No. 77, Pub. Acts 1935, and Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663–1 [b–f], Stat. Ann. 1940 Cum. Supp. § 7.521 [b–f]).—REPORTER.

"The issues involved in that action were identical with the issues involved here. The decision in that action must be considered to be *res judicata* of the issues here. There is no necessity for any construction of the previous decision. The law upon which it is based is identical with the law as it exists now. The facts were identical with the facts which are here presented with the exception that the figures vary. The parties in that proceeding were identical with the parties in this proceeding, for all practical and legal purposes. Certainly the defendants here are directly in privity with the State of Michigan, which was the formal defendant there. The previous decision is conclusive and final as to all matters which were raised and argued at that time and as to all points which might have been argued and decided at that time. No appeal was taken from the previous decision. It therefore stands not only as the law of the case under the doctrine of *stare decisis* but also it stands as a conclusive and final determination of these issues under the doctrine of *res judicata.*

"Under all the circumstances of this case, and with all due regard to the question of jurisdiction involved, I consider that the proper decision herein is to hold that the State of Michigan and its tax administration officers are bound by the previous decision, and that an injunction should issue, as prayed, if necessary."

The attorney general urges us to hold that:

"The doctrine of *res judicata* should not be employed to thwart exertion of the sovereign power of taxation; and a prior judgment of seven years' standing, on an action to recover taxes paid under protest, is not conclusive of a subsequent levy of the same tax upon the same person for a subsequent period."

We cannot place a time limit upon the rule *res judicata* for it operates for all time as between the

parties when the same questions are subsequently presented.

The court in the former adjudication held that, under the statute, plaintiff was not liable for the tax and awarded judgment for the return thereof, paid under protest. Without any change in the statute bearing upon such right the same questions are presented on the same but later facts, and we are asked to adjudicate anew between the parties.

Opportunity to have the statute amended, if desired, has been afforded by seven years' time, and there has been none with respect to the issues at bar. The defendant board has made some changes in regulations but such have not the force of statute law and in no way affect the issues here involved.

The point of law here presented was in the former action between the same parties and there adjudged and that adjudication rendered final by reason of no review. The circuit court in that case had jurisdiction of the parties and the subject matter there in litigation. The point of law there adjudicated and final as between the parties is the very point here again presented by the State officers who claim the right to have the point readjudicated. The former adjudication was final by reason of no review sought by the then State officers and is *res judicata* as to their successors in office. The parties to the former action and to this being the same, the subject matter of the former and this action being the same, the point of law in the former and this action being the same, the adjudication in the former action, having become final, is *res judicata*.

The decree is affirmed, but without costs, a public question being involved.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.