CORPORATION & SECURITIES COMMISSION
*v.* AMERICAN MOTORS CORPORATION.

APPEAL *re* DETROIT EDISON COMPANY.

1. Judgment—Res Judicata—Taxation—Corporate Franchise Fee —Reserve for Federal Income Taxes.

Declaratory judgment action in circuit court to determine proper treatment of defendant corporation's balance sheet item captioned "reserve for Federal income taxes" for purpose of computing franchise fee *held,* properly dismissed on summary judgment, where identical issue had been decided in previous case between same parties, since instant suit presented no justiciable controversy.

2. Courts—Precedent—Judgment—Decision by Less Than a Majority.

A decision of the Supreme Court made by less than a majority of the Court is not precedent as to future cases, but is controlling as to the parties involved and the issues decided.

3. Taxation—Electric Utility Company—Public Service Commission—Accounting.

The corporation and securities commission is bound by the accounting procedure set up by the public service commission with respect to electric utilities in determining the annual franchise fee since the latter commission is vested with exclusive authority to regulate the utility's methods of keeping its accounts (CLS 1956, § 450.104, CL 1948, § 460.556).

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 1 April 6, 1966, at Detroit. (Docket No. 1,235.) Decided July 26, 1966. Rehearing denied September 12, 1966. Leave to appeal granted by Supreme Court December 9, 1966. See 378 Mich 743, 379 Mich 531.

References for Points in Headnotes
[1] 41 Am Jur, Pleading §§ 340–342.
[2] 20 Am Jur 2d, Courts §§ 189, 195.
[3] 43 Am Jur, Public Utilities and Services §§ 10, 192, 193, 196.

Complaint by Michigan Corporation and Securities Commission, and its commissioner, Lenton G. Sculthorp, against American Motors Corporation, a Maryland corporation, The Detroit Edison Company, a New York corporation, and other corporations, for a declaratory judgment as to the proper accounting treatment of balance sheet item captioned "reserve for Federal income taxes." Summary judgment for defendant Detroit Edison Company. Plaintiffs appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter,* Assistant Attorney General, for plaintiffs.

*Fischer, Sprague, Franklin & Ford (Harvey A. Fischer, Gerald C. Simon* and *Jerome A. Koviak,* of counsel), for defendant Detroit Edison Company.

J. H. GILLIS, P. J. This is an appeal from the Ingham county circuit court's decision which granted the defendant's, Detroit Edison, motion for summary judgment on the basis that no justiciable controversy existed. Plaintiff, Lenton G. Sculthorp, commissioner of the Michigan corporation and securities commission, sought a declaratory judgment as to the propriety of the defendant's treatment of a balance sheet item captioned "reserve for Federal income taxes." Plaintiff contended that this item should have been included as surplus for franchise fee computation purposes as provided by PA 1921, No 85, § 4, as amended by PA 1954, No 144 (CLS 1956, § 450.304 [Stat Ann 1959 Cum Supp § 21.205]).[1] The circuit court, in granting the defendant's motion for a summary judgment, stated that this identical issue was decided in *Detroit Edison Company* v.

---

[1] Currently PA 1963, No 63, § 4 (CLS 1961, § 450.304 [Stat Ann 1965 Cum Supp § 21.205]).

*Corporation & Securities Commission* (1962), 367 Mich 104, and therefore the instant suit presented no justiciable controversy. We agree.

The parties in the present case are the identical parties involved in *Detroit Edison Company* v. *Corporation & Securities Commission, supra,* which presented the same issue that was brought before the circuit court and is presently before this Court. The *Edison Case* was a 3–2 decision with 3 justices not sitting. While it is true that a decision made by less than a majority of the Court is not precedent as to future cases, it is controlling as to the parties involved and to the issues decided. Justice BLACK in writing the majority opinion adopted the decision rendered in the court of claims by Judge Timothy C. Quinn, which held that the corporation and securities commission is bound by the accounting procedures set up by the Michigan public service commission[2] with respect to utilities in determining the annual franchise fee. Pursuant to this exclusive authority, the Michigan public service commission issued an order to Detroit Edison that, "The current Federal income tax reductions of the Detroit Edison Company resulting from such special amortization are subject to liability for the larger future Federal income taxes * * * and are not available for addition to surplus." August 8, 1951, D–1282–A. This directive has been reaffirmed in 1954[3] and 1965[4] and until the MPSC changes this order it is clear that by virtue of the *Edison Case* the plaintiff is bound by these accounting procedures in determining the defendant's annual franchise fee; the "reserve for Federal income taxes" is a liability and not part of surplus for franchise fee purposes.

---

[2] See CL 1948, § 460.556 (Stat Ann § 22.156).—REPORTER.

[3] Commission Order D–1282–A-54.2 dated 11-5-54.

[4] Commission Order U–2164 dated 12-2-65.

The circuit court correctly determined that the *Edison Case* controlled and that no justiciable controversy existed. By virtue of GCR 1963, 521.1 the defendant's motion for summary judgment was properly granted.[5]

Judgment affirmed.

Holbrook and McGregor, JJ., concurred.

---

[5] See *Detroit Edison Company* v. *Department of Treasury* (1966), 378 Mich 167, pursuant to which a writ of mandamus issued July 12, 1966.