CORPORATION & SECURITIES COMMISSION *v.* McLOUTH
STEEL CORPORATION.

1. Courts—Decision by Less Than Majority—Precedent.
   A decision made by less than majority of the Supreme Court is
   not precedent as to future cases, but it is controlling as to the
   parties involved and the issues decided in that case.

2. Judgment—Res Judicata—Operation.
   The rule of *res judicata* operates for all time as between the
   parties when the same questions are subsequently presented.

3. Courts—Affirmance by Equally Divided Court—Res Judicata
   —Parties.
   The effect of a Supreme Court decision which affirmed a de-
   cision of the trial court by an equally divided court was
   to make the legal principle applied by the trial court *res
   judicata* as between the parties to that decision (CLS 1961,
   § 600.230).

4. Taxation—Corporation Franchise Tax—Reserve for Federal
   Taxes—Treatment—Res Judicata.
   Decision of the trial court in a prior suit between the same
   parties, affirmed by the Supreme Court by an equally divided
   court, that a reserve for Federal income taxes was not includable
   in the surplus of the corporation for the purpose of computing
   the corporate franchise fee, *held, res judicata* in subsequent
   suit between the same parties, in which the applicable law
   and the corporation's accounting procedures had not changed,
   the only difference being that the later suit was for franchise
   fees for later years.

5. Costs—Public Question—Corporate Franchise Fee.
   No costs are allowed on appeal from a decision of the trial
   court granting an accelerated judgment to the defendant cor-
   poration in an action by the corporation and securities com-

References for Points in Headnotes
[1-4] 5 Am Jur 2d, Appeal and Error § 744.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

mission for declaratory judgment to determine whether de-
fendant corporation's reserves for Federal income taxes were
properly includable in corporate surplus for the purpose of
determining the corporate franchise fee, a public question
being involved.

Appeal from Ingham; Coash (Louis E.), J.  Sub-
mitted Division 2 December 8, 1966, at Lansing.
(Docket No. 1,886.)   Decided July 20, 1967.   Leave
to appeal denied October 4, 1967.   See 379 Mich 782.

Complaint for declaratory judgment by Michigan
Corporation & Securities Commission and its com-
missioner, Lenton G. Sculthorp, against McLouth
Steel Corporation, a Michigan corporation, and nu-
merous other corporations, to determine whether
reserve for Federal income taxes is properly in-
cluded in surplus of the corporation for franchise fee
computation.   Accelerated judgment for defendant
McLouth Steel Corporation.   Plaintiff appeals.   Af-
firmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, and *T. Carl Holbrook*
and *William D. Dexter*, Assistant Attorneys General,
for plaintiff.

*Dickinson, Wright, McKean & Cudlip (William B.
Cudlip, T. Donald Wade* and *W. Gerald Warren*, of
counsel), for defendant McLouth Steel Corporation.

J. H. GILLIS, J.  The question that again confronts
this Court deals with the proper computation of the
Michigan franchise fee.[1]  Defendant McLouth Steel
Corporation contends that the balance sheet item

[1] Provision for the franchise fee computation is to be found in CL
1948, § 450.304.  This section has been amended at various times, per-
tinent here are amendments by PA 1959, No 276, PA 1961, No 227,
PA 1962, No 216, PA 1963, No 63 (Stat Ann 1965 Cum Supp § 21-
.205).

captioned "reserve for Federal income taxes" is not includable in surplus for franchise fee computation purposes. Defendant further contends, by way of affirmative defense, that the issue raised in this case is barred by the doctrine of *res judicata,* citing *McLouth Steel Corporation* v. *Corporation & Securities Commission* (1963), 372 Mich 76. The trial court granted defendant's motion for accelerated judgment and the plaintiff, Lenton G. Sculthorp, commissioner of the Michigan corporation and securities commission, appeals.

The *McLouth Case* has recently been cited by this Court[2] where it was said that the case could not be considered as precedent as it was a 4 – 4 decision. While seven justices agreed with the contention that the corporation and securities commission is not bound by the accounting procedures employed by the taxpayer (a private corporation), the four justices voting for affirmance agreed with the trial court that the reserve account was properly carried as a liability, was not part of surplus, and not subject to imposition of the privilege fee. .

This Court has recently had occasion to consider the effects of a Supreme Court decision rendered by less than a majority of the Court. *Corporation & Securities Commission* v. *American Motors Corporation (Appeal re Detroit Edison Company)* (1966), 4 Mich App 65. In this case at p 67, we held:

"While it is true that a decision made by less than a majority of the Court is not precedent as to future cases, it is controlling as to the parties involved and to the issues decided."

The parties in the present case are the identical parties involved in *McLouth Steel Corporation* v. *Corporation & Securities Commission, supra.*

[2] *Ecorse Screw Machine Products Company* v. *Corporation & Securities Commission* (1965), 1 Mich App 414, affirmed, 378 Mich 415.

Plaintiff attempts to distinguish the present case from *McLouth* on the theory that *McLouth* dealt with the years 1957–1959 and the instant case involves franchise fees for 1960 and subsequent years. The same proposition was raised in *W. H. Atkinson Co.* v. *State Board of Tax Administration* (1941), 299 Mich 315, 318:

"The attorney general urges us to hold that:

" 'The doctrine of *res judicata* should not be employed to thwart exertion of the sovereign power of taxation; and a prior judgment of seven years' standing, on an action to recover taxes paid under protest, is not conclusive of a subsequent levy of the same tax upon the same person for a subsequent period.' "

Our Supreme Court in answer replied, at pp 318, 319:

"We cannot place a time limit upon the rule *res judicata* for it operates for all time as between the parties when the same questions are subsequently presented. * * * The parties to the former action and to this being the same, the subject matter of the former and this action being the same, the point of law in the former and this action being the same, the adjudication in the former action, having become final, is *res judicata.*"

The years involved in *McLouth* were not determinative of the basic issue which concerned the propriety of treating the disputed items as a liability rather than a surplus for franchise fee purposes. The legal effect of the *McLouth* decision[3] was to affirm the trial court's approval of treating the reserve item as a liability and absent a showing that

3 CLS 1961, § 600.230 (Stat Ann 1962 Rev § 27A.230): "When the justices of the Supreme Court are equally divided as to the ultimate decision of any case properly before the Court on review the judgment of the court below shall be affirmed."

the applicable law or defendant's accounting procedures have changed, plaintiff is bound by the result of *McLouth,* irrespective of the years involved.

Judgment affirmed. No costs, a public question being involved.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.