## CORPORATION & SECURITIES COMMISSION *v.* MICHIGAN CONSOLIDATED GAS COMPANY.

### OPINION OF THE COURT.

1. TAXATION—CORPORATIONS—SURPLUS—INVESTMENT TAX CREDIT.

    An investment tax credit is to be treated in the same way as a reserve for deferred Federal income tax in making a determination as to the taxable surplus of a corporation (CL 1948, § 450.304, as amended).

2. ADMINISTRATIVE LAW AND PROCEDURE—STATE AGENCIES—ACCOUNTING.

    It is incongruous and legally indefensible to allow one State agency to disregard the accounting directive of a second State agency which has been empowered to prescribe accounting procedures and directives of a particular industry.

3. TAXATION — CORPORATION AND SECURITIES COMMISSION — PUBLIC UTILITY — PUBLIC SERVICE COMMISSION — ACCOUNTING.

    The corporation and securities commission may, in certain circumstances, disregard the accounting procedures of a private corporation, but it is bound by the accounting and tax-calculating procedures a public utility company has followed under orders of the public service commission, where the latter commission has been vested by statute with authority to regulate such utility and to prescribe its uniform methods of keeping accounts (CL 1948 and CLS 1961, § 460.1 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 9, 10] 27 Am Jur, Income Taxes § 194 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 209 *et seq.*
[4] 20 Am Jur 2d, Courts § 183 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 1009.
[7] 20 Am Jur 2d, Courts § 195.
[8] 50 Am Jur, Statutes § 350 *et seq.*

4. COURTS—PARTIES—JUDGMENT.

A court is not precluded from holding that its prior determination of the law on a given point is controlling in a subsequent action involving different parties and the fact that the original opinion was based upon principles set forth in a 3–2 decision of the Supreme Court is immaterial.

5. TAXATION—SUMMARY JUDGMENT—SURPLUS—PUBLIC UTILITY—ANNUAL PRIVILEGE FEE—RESERVE FOR DEFERRED FEDERAL INCOME TAXES—INVESTMENT TAX CREDIT.

Summary judgment for defendant public utility in action by corporation and securities commission for a determination of whether said commission, in computing defendant's annual franchise fee, was required to accept "surplus" as shown on defendant's books maintained pursuant to accounting procedures prescribed by the public service commission which required that reserves be set aside from current income for deferred Federal income taxes and the investment tax credit *held*, proper, since, as a matter of law, one State agency may not disregard the accounting directive of a second State agency which has been empowered to prescribe the procedures followed and relied upon by the party involved (CL 1948 and CLS 1961, § 460.1 *et seq.*; 1954 AC, § R 460.940).

6. COSTS—APPEAL AND ERROR—PUBLIC QUESTION—PUBLIC UTILITY—ACCOUNTING.

No costs are allowed on appeal in action by corporation and securities commission to determine whether, for purposes of computing the annual franchise fee of a public utility, it is bound to accept "surplus" as shown on the books of the public utility maintained pursuant to accounting procedures prescribed by the public service commission, a public question being involved (CL 1948, § 450.304, as amended).

DISSENTING OPINION.

HOLBROOK, J.

7. COURTS—PRECEDENTS.

*The prevailing opinion of 3 of the 5 participating justices of the 8-member Supreme Court establishes no precedent for subsequent cases involving different parties.*

8. STATUTES—INTERPRETATION—COMMON SUBJECT.

*A common subject has on occasion been treated differently when considered for different purposes in different statutes.*

9. Taxation—Accounting—Corporation and Securities Commission—Franchise Fees—Public Service Commission.

  *Accounting procedures approved or required by the public service commission cannot control assessing procedures of the corporation and securities commission in determining State franchise fees, since so to allow would be contrary to specific statutory authority and, therefore, unconstitutional (Const 1908, art 10, §§ 4, 6; CLS 1956, § 450.304).*

10. Same—Public Service Commission—Corporation and Securities Commission—Summary Judgment.

  *Summary judgment for defendant public utility in action by corporation and securities commission for a determination as to whether said commission was, for the purpose of determining defendant's annual franchise fee, bound to accept the "surplus" shown on defendant's books maintained in accordance with public service commission requirement should be reversed and remanded for hearing on the merits, where the decision granting summary judgment was based upon a prevailing opinion of 3 of 8 justices of the Michigan Supreme Court which has no value as precedent, and so to require the corporation and securities commission to accept "surplus" determined by accounting procedures set by the public service commission would violate both specific statutory and constitutional provisions (Const 1908, art 10, §§ 4, 6; CLS 1956, § 450.304).*

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 November 4, 1966, at Detroit. (Docket No. 1,493.) Decided September 7, 1967. Leave to appeal granted December 12, 1967. See 379 Mich 790.

Complaint by Corporation & Securities Commission and Lenton G. Sculthorp, commissioner, against Michigan Consolidated Gas Company, a Michigan corporation, and others, seeking a declaration of rights as to whether the Corporation & Securities Commission, in determining a corporation's surplus for the purpose of computing its annual franchise fees, is required to accept the "surplus" shown on the corporation's books maintained pursuant to accounting procedures set up by the Michigan Public Service Commission. Summary judgment for de-

fendant Michigan Consolidated Gas Company. Plaintiffs appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for plaintiffs.

*Matheson, Dixon & Bieneman (John M. Veale,* of counsel), for defendant Michigan Consolidated Gas Company.

J. H. GILLIS, J.   This is an appeal from the Ingham county circuit court's judgment granting defendant Michigan Consolidated Gas Company's motion for summary judgment.   The trial court in granting defendant's motion stated:

"The court having filed a written opinion holding that as to the Detroit Edison Company no controversy existed between the parties because among other things of the principles laid down in the *Detroit Edison Company* v. *Corporation & Securities Commission,* 367 Mich 104, and said opinion of this court being likewise controlling as to defendant Michigan Consolidated Gas Company as to said principles and for other reasons assigned in said opinion."

Plaintiff, Lenton G. Sculthorp, commissioner of the Michigan corporation and securities commission, contends that the *Edison Case* is not determinative of the present controversy in that it was a 3–2 decision with three justices not sitting.   Plaintiff also contends that the instant case involves the additional question of whether the investment tax credit is a part of surplus for franchise fee purposes and this additional issue distinguishes the instant case from both the Supreme Court's *Edison*

decision and this Court's recent interpretation of that decision.[1]

The introduction of the investment tax credit into the instant case does not create any substantive distinction between this case and the previous *Edison* decisions. A perusal of the complaints in the instant case and the recent *Edison* decision discloses that the question involving the investment tax credit was pleaded in both cases in an identical manner. No distinction is shown between the accounting treatment of the reserve for deferred Federal income taxes and the investment tax credit, and in plaintiffs' complaint it was alleged that defendant claims, "They are entitled to treat the investment tax credit provided for by section 38 of the 1954 IRC in a comparable fashion." This Court cannot discern any difference between the complaints filed against the Edison Company and the Michigan Consolidated Gas Company, nor do we find that the interjection of the investment tax credit in oral arguments has any effect on the substantive issue involved.[2]

The ultimate issue presented is whether the corporation and securities commission was and is legally bound to follow the accounting procedures set up by the Michigan public service commission with respect to utilities.

It is plaintiffs' position that the Supreme Court's 3–2 decision in *Edison* is not controlling since it was a decision made by less than a majority of the Court. Plaintiffs further contend that *McLouth Steel Corporation* v. *Corporation & Securities Commission* (1963), 372 Mich 76, 90, is determinative of the proposition that accounting procedures do not control and "that the State has the power and authority

1 *Corporation & Securities Commission* v. *American Motors Corporation (Appeal re Detroit Edison Company)* (1966), 4 Mich App 65.
2 See CL 1948, § 450.304, as amended (Stat Ann 1965 Cum Supp § 21.205).—REPORTER.

to make a determination at variance with labels employed by the corporation."

The *McLouth* decision is readily distinguishable from the present case as it does not involve a public utility whose accounting procedures are determined by the Michigan public service commission. This commission is a State agency that currently has jurisdiction over all public utilities[3] and pursuant to this authority has prescribed its uniform system of accounts for gas utilities.[4] When defendant follows the accounting procedures prescribed by the public service commission, it is complying with the accounting procedures of the State agency which has jurisdiction over public utilities. Even though the corporation and securities commission may, in certain circumstances, disregard the acounting procedures of a private corporation (as in *McLouth*), it would be incongruous and legally indefensible to allow one State agency to disregard the accounting directives of a second State agency which has been empowered to prescribe these procedures and which directives have been followed and relied on by the defendant utility.

In dismissing plaintiffs' suit the trial court did not state that the subject matter of the complaint as pertains to the Michigan Consolidated Gas Company is barred by the *Detroit Edison Company* v. *Corporation & Securities Commission* (1962), 367 Mich 104. The court referred to its written opinion which dismissed the suit against the Edison Company, "because among other things of the principles laid down in" *Edison, supra.* The court then stated that because of the principles followed and for "other reasons" its opinion in the *Edison Case* was likewise

---

[3] CL 1948 and CLS 1961, § 460.1 *et seq.* (Stat Ann 1965 Cum Supp § 22.13[1] *et seq.*).

[4] 1954 AC, § R 460.940.

controlling as to defendant, Michigan Consolidated Gas Company.

The trial court is not precluded from holding that its prior determination of the law in this area is controlling in the instant case, and the fact that the original opinion was based upon principles set forth in a 3-2 Supreme Court decision is immaterial.

Judgment affirmed. No costs, a public question being involved.

LESINSKI, C. J., concurred with J. H. GILLIS, J.

HOLBROOK, J. (*dissenting*). My concurrence in the case of *Corporation & Securities Commission* v. *American Motors Corporation (Appeal re Detroit Edison Company)* (1966), 4 Mich App 65, was required by reason of the principle of *res judicata* following the decision between the same parties and involving the same issues in *Detroit Edison Company* v. *Corporation & Securities Commission* (1962), 367 Mich 104. Although my brother judges have ruled that "the trial court is not precluded from holding that its prior determination of the law in this area is controlling in the instant case, and the fact that the original opinion was based upon principles set forth in a 3-2 Supreme Court decision is immaterial," I believe it best to elaborate further in this regard. The binding force of *Detroit Edison Company* v. *Corporation & Securities Commission, supra,* is absent in the instant case because there are different parties and the prevailing opinion of 3 of 8 justices of the Michigan Supreme Court establishes no precedent[1] for subsequent cases.

---

[1] In *Detroit Edison Company* v. *Corporation & Securities Commission supra,* the majority opinion was written by Justice BLACK; Justice KELLY concurred and Justice DETHMERS concurred in result; Justice SOURIS dissented and Chief Justice CARR concurred in dissent; Justice T. M. KAVANAGH, Justice ORIS SMITH and Justice P. L. ADAMS did not sit. Thus the prevailing opinion does not constitute

The main issue of controversy appears to be whether or not the State franchise fees shall be determined by the Michigan corporation and securities commission on the basis of accounting methods permitted or required by the Michigan public service commission.[2] At first blush it would appear that the 2 divisions of government should ascertain capital and surplus upon the same basis or under the same accounting methods. However, upon closer look we find that the MPSC has to do with setting rates whereas the MCSC is required to assess and collect franchise fees. In reviewing similar situations we find that a common subject has on occasion been treated differently when considered for different purposes. In our opinion of *Williams v. Primary School District #3, Green Township* (1966), 3 Mich App 468, in a footnote at p 472, we stated as follows:

"It is immaterial that school districts are characterized as 'local units' or 'municipal corporations' for purposes of allocation under the property tax limitation act, Act No 62, PA 1933, as amended, CL 1948, § 211.201 *et seq.* (Stat Ann 1960 Rev § 7.61 *et seq.*). The case of *Bacon v. Kent-Ottawa Metropolitan Water Authority* (1958), 354 Mich 159, holds that school districts possess the authority of 'municipal corporations' *for purposes of property tax imposition.* The case of *Sayers v. School District #1, Fractional* (1962), 366 Mich 217, identifies school districts as 'State agencies' *for purposes of tort liability.*"

Any theory in this case that would require the accounting method of the MPSC to control that of

*stare decisis.* 21 CJS, Courts, § 189, pp 305–308. *Sommers v. City of Flint* (1959), 355 Mich 655; *Zirkalos v. Zirkalos* (1949), 326 Mich 420; *Groening v. McCambridge* (1937), 282 Mich 135; *Kangas v. New York Life Insurance Co.* (1923), 223 Mich 238; *City of Kalamazoo v. Crawford* (1908), 154 Mich 58.

[2] CLS 1961, § 460.6 (Stat Ann 1965 Cum Supp § 22.13[6]).

the MCSC appears to be without statutory foundation. It would be improper to allow the accounting method approved or required by the MPSC to control the assessing procedures of the MCSC in determining State franchise taxes because it is contrary to specific statutory authority[3] and therefore unconstitutional.[4] See *Cheney* v. *St. Louis S.W.R.R. Co.* (1965), 239 Ark 870 (394 SW2d 731).

For the reasons herein stated and because I feel the dissenting opinion of Mr. Justice Edwards in *Detroit Edison Company* v. *Corporation & Securities Commission* (1960), 361 Mich 150, and the dissenting opinion of Mr. Justice Souris in *Detroit Edison Company* v. *Corporation & Securities Commission* (1962), 367 Mich 104, properly set forth the law in this matter, I am constrained to dissent. It appears without question that there is a justiciable issue between the parties and therefore a controversy existing which should be disposed of upon the merits. I would reverse and remand for further proceedings.

---

[3] CLS 1956, § 450.304 (Stat Ann 1963 Cum Supp § 21.205) states the applicable definition of "surplus" as follows:

"The term 'surplus', as used in this act, shall be taken and deemed to mean the net value of the corporation's property, less its outstanding indebtedness and paid-up capital; but in no case, either as to domestic or as to foreign corporations, shall any deduction be made from the item of paid-up capital, in computing the franchise fee thereon, by reason of any impairment of the same." There is no legislative direction qualifying or cutting back the above quoted language—viz.: "less its outstanding indebtedness." The duty of the MCSC is all too clear, and absent authorization from the legislature, it is extremely difficult to understand how orders of the MPSC can restrict the MCSC in its franchise tax determinations (see above quote from *Williams* v. *Primary School District #3, Green Township, supra*).

[4] Const 1908, art 10, §4 states:

"The legislature may by law impose *specific taxes, which shall be uniform upon the classes upon which they operate.*" (Emphasis supplied.)

Const 1908, art 10, § 6 states:

"Every law which imposes, continues or revives a tax shall distinctly state the tax, and the objects to which it is to be applied; and *it shall not be sufficient to refer to any other law to fix such tax or object.*" (Emphasis supplied.)