CONSUMERS POWER COMPANY *v.* STATE OF MICHIGAN

TAXATION—ANNUAL FRANCHISE FEE—PUBLIC SERVICE COMMISSION—PUBLIC UTILITIES.

> Surplus of a public utility corporation for purposes of determining the annual franchise fee to be paid by the corporation, is controlled by the accounting methods required or permitted by the Public Service Commission and, in an action for refund of additional assessments of such fees paid under protest, the state is not permitted to show that certain accounts of the utility, where the method of accounting to be used is permitted, not required, by the Public Service Commission, are a part of surplus for the purpose of computation of such fees (CL 1948, § 450.304).

Appeal from Court of Claims, Richard E. Robinson, J., presiding.  Submitted May 7, 1970.  (Calendar No. 11, Docket Nos. 52,741–52,744.)  Decided June 1, 1970.

Consumers Power Company filed its claim against the State of Michigan and the State Department of Treasury for refund of additional assessments of annual privilege fees paid by it under protest.  Summary judgments for plaintiff.  Defendants appeal.  Leave to appeal prior to decision by the Court of

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur, Taxation § 935 *et seq.*

Appeals granted.   Judgment of the Court of Claims affirmed.

*Domke, Marcoux, Allen & Beaman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter* and *Robert J. Taube,* Assistant Attorneys General, for defendants.

PER CURIAM.   Claimant brought suits in the Court of Claims for refund of additional assessments of annual privilege fees paid by it under protest for the years 1962–1965.   The Court of Claims judge granted claimant's motions for summary judgments. Defendants filed claims of appeal to the Court of Appeals.   We granted claimant's application for leave to by-pass that Court.

Claimant contends these cases are controlled by *Corporation & Securities Commission* v. *Michigan Consolidated Gas Company* (1968), 381 Mich 116, and *Detroit Edison Company* v. *Corporation & Securities Commission* (1962), 367 Mich 104.   In *Detroit Edison,* this Court held that the accounting method required of an electric utility by the Michigan Public Service Commission was controlling for the determination of annual privilege fees.   The account primarily in controversy in that case was the reserve for deferred Federal income taxes.

The issue in *Michigan Consolidated* was stated by Justice T. M. KAVANAGH in his dissenting opinion as follows:

"The main issue of controversy is whether or not the state franchise fees shall be determined by the Michigan Corporation and Securities Commission on the basis of accounting methods permitted or

required by the Michigan Public Service Commission for rate-making purposes."

The state no longer contends that it can reexamine the method of handling an account if the method is mandated by the Public Service Commission. The state does contend, however, that it should have been permitted by the Court of Claims judge to show that accounts, where the method of accounting to be used is permitted, not required, by the Public Service Commission, are a part of surplus for the computation of annual privilege fees.

The primary jurisdiction and control of electric utilities lies with the Public Service Commission. A majority of this Court has held that the accounting methods required or permitted by it shall control for the determination of surplus under the provisions of § 4 of PA 1921, No 85, as amended (MCLA § 450.304; Stat Ann 1970 Cum Supp § 21.205). We conclude that such determination is controlling of the issue presented in these cases.

The Court of Claims judge is affirmed. Costs to claimant in all courts.

T. E. Brennan, C. J., and Dethmers, Black, T. M. Kavanagh, Adams, and T. G. Kavanagh, JJ., concurred.

Kelly, J., did not sit in this case.